Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Justine Tavares

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Justine Tavares, on behalf of herself and similarly situated class members, <br><br> Plaintiff, <br> v. <br><br> Goldsmith & Hull A.P.C.; Central Veterinary Associates, P.C., <br><br> Defendant. | Case No: '19 CV 1630 MMA LL <br><br> **Class Action Complaint** <br><br> **Jury Trial Demanded** |

## Introduction

1. Plaintiff Justine Tavares, on behalf of herself and others similarly situated, through Plaintiff's attorneys, brings this action to challenge the actions of Goldsmith & Hull A.P.C., ("G&H") and Central Veterinary Associates, P.C., ("Central Vet") (collectively referred to as "Defendants") with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to her specifically, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by G&H or Central Vet took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

6. All violations alleged are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

7. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## Jurisdiction & Venue

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations as follows: (i) G&H's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act"); (ii) Central Vet's violations of the Rosenthal Act.

10. Because G&H conducts business within the State of California, personal jurisdiction is established.

11. Because Central Vet availed itself to the laws within this judicial district when Central Vet authorized G&H to send correspondence, that conduct gives rise to this action, to Plaintiff at Plaintiff's address in Chula Vista, California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants conducted business within this judicial district at all times relevant.

**Parties**

13. Plaintiff is a natural person who resides in the City of San Diego, State of California.

14. Defendant G&H is a California corporation. Plaintiff alleges that at all times relevant herein, G&H conducted business in the County of San Diego, State of California.

15. Defendant Central Vet is a New York corporation. Plaintiff alleges that at all times relevant herein, Central Vet conducted business in the County of San Diego, State of California when it authorized G&H to send correspondence to Plaintiff at Plaintiff's address in Chula Vista, California.

16. Plaintiff is a person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendants use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

18. Plaintiff is a person from whom a debt collector sought to collect a consumer debt which is due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

19. Defendants in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**Factual Allegations**

21. Sometime around 2016, Plaintiff is alleged to have incurred certain financial obligations to Central Vet.

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. These obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. Sometime thereafter, but before December 7, 2018, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.
25. Subsequently, but before December 7, 2018, the alleged debt was assigned, placed, or otherwise transferred to G&H for collection.
26. On or about December 7, 2018, G&H mailed a letter to Plaintiff demanding payment of the alleged debt. This letter is hereinafter referred to as the "December 7, 2018 letter."
27. This December 7, 2018 letter to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).
28. This December 7, 2018 letter was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.
29. In this December 7, 2018 letter, which was the initial communication to Plaintiff, Defendants failed to provide notice of the debt as required by 15 U.S.C. § 1692g.
30. Defendants are required to provide Plaintiff with proper notice of the alleged debt by which she can respond to either confirming or disputing the alleged debt within the time provided per 15 U.S.C. § 1692g.
31. In this December 7, 2018 letter G&H demanded payment for certain amounts.
32. On or about February 20, 2019, G&H sent another letter to Plaintiff demanding payment of certain amounts. This letter is hereinafter referred to as the "February 20, 2019."
33. These amounts demanded are expressly enumerated by the United States Congress and the California state legislature as being material violations of the FDCPA and California Rosenthal Act, respectively, as they are the use of a false, deceptive, or misleading representations or means in connection with the collection of any debt because they are the false representation of the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(2)(A), in violation of California Rosenthal Act pursuant to Cal.

Civ. Code § 1788.17 as that subsection incorporates by reference 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(2)(A).

34. These amounts demanded are expressly enumerated by the United States Congress and the California state legislature, respectively, as being material violations of the FDCPA and California Rosenthal Act as they are unfair or unconscionable means to attempt to collect a debt because they are the collection of an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount is not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1), in violation of California Rosenthal Act pursuant to Cal. Civ. Code § 1788.17 as that subsection incorporates by reference 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

35. A few examples of G&H's unlawfulness here is these amounts included the demand for attorneys' fees that had never been determined by any court to be reasonable and when such an amount was not expressly authorized by the agreement creating the debt or permitted by law. In another example, these amounts include the collection of costs when such amount is not expressly authorized by the agreement creating the debt or permitted by law; and in yet another, the collection of post judgment interest has not been granted by any court and when such amount is not expressly authorized by the agreement creating the debt or permitted by law.

36. In the February 20, 2019 letter, G&H stated that if Plaintiff did not pay the debt in full within five days, it would have "no alternative other than to carry out [their] client's instructions in enforcing their legal remedies, not only for the amount due, but also for all Court costs, and attorney's fees" when, in reality, G&H would have many other alternatives.

37. Through this conduct, G&H used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

1  Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10), as well as Cal. Civ. Code § 1788.17.

38. In both the December 7, 2018 and February 20, 2019 letters G&H also admitted that it was attempting to collect certain amounts not yet owed (including any interest and "other charges" as stated in the December 7, 2018 letter), in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(2)(A), as well as Cal. Civ. Code § 1788.17.

39. The language and demands for payment of amounts not owed found in both the December 7, 2018 and February 20, 2019 letters are attempts to limit the rights available to Plaintiff in a manner that creates a contradiction would confuse the least sophisticated consumer into disregarding his or her rights and instead pay amounts that are not owed, and could reasonably result in consumers paying amounts not owed, to their detriment.

### Causes of Action
### Count I
### Fair Debt Collection Practices Act (FDCPA)
### 15 U.S.C. §§ 1692 et seq.
### [Against Defendant G&H]

40. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

42. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Count II**

**Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)**

**Cal. Civ. Code §§ 1788-1788.32**

**[Against Defendants G&H and Central Vet]**

43. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

44. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

45. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every Defendant.

**Class Allegations**

46. Plaintiff brings this action on behalf of herself and all others similarly situated as a members of the proposed class ("the Class"). This class is defined as follows:

> All persons within the State of California who received any collection correspondence from Defendants that contains language identical or substantially similar to the December 7, 2018 correspondence that Plaintiff received from Defendants provided that this correspondence took place within nor more than one year before the filing of this Complaint.

47. Plaintiff represents, and is a member of, the Class because Plaintiff received Defendants' December 7, 2018 correspondence, which outlines Defendants' unlawful debt collection acts that are the subject of this lawsuit.

48. Defendants, as well as their employees and agents, are excluded from the Class. Plaintiff does not know the number of members in the Class, but

believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

49. Plaintiff and the Class were harmed by the acts of Defendants in at least the following ways: (a) Defendants, either directly or through its agents, threatened to charge Plaintiff and the Class money it was not entitled to, for additional detailed correspondence, or demands; (b) Defendants either directly or through its agents, threatened to charge Plaintiff and the Class for collection costs that had not yet accrued; (c) Defendants, either directly or through its agents, threatened to charge Plaintiff and the Class to set up a payment plan; and (d) Defendant, either directly or through its agents, threatened to charge Plaintiff and the Class for post judgment interest that had not yet been granted by a court.

50. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes hundreds of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendants.

51. The suit seeks damages on behalf of the Class. This suit does not request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as facts are learned in through investigation and discovery.

52. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the

individual circumstances of any Class members, include, but are not limited to, the following:

- Whether Defendants' letter violated the provisions of the FDCPA cited in this Complaint; and
- Whether Defendants' letter violated the provisions of the California Rosenthal Act cited in this Complaint.

53. Plaintiff is asserting claims that are typical of the Class: Plaintiff received a collection notice from Defendants that threatened to charge her for (a) additional detailed correspondence, or demands; (b) collection costs that had not yet accrued; and (c) post judgment interest.

54. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

55. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such

adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

### Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

56. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

Date: August 19, 2019

By: s/*Yana A. Hart*
Yana A. Hart, Esq.
*Attorneys for Plaintiff*